UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE CASTRO,

                Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

1:21-cv-01937 (JLR) (GRJ)

**MEMORANDUM OPINION AND ORDER**

---

JENNIFER L. ROCHON, United States District Judge:

       On March 5, 2021, Petitioner Jose Castro commenced this action seeking judicial review of the final decision of the Commissioner of Social Security denying his application for benefits under Sections 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3).  *See* ECF No. 1.  On March 23, 2022, the parties submitted a Joint Stipulation in lieu of motions for judgment on the pleadings.  *See* ECF No. 19.  Magistrate Judge Gary Jones issued a Report and Recommendation on December 5, 2022 (the "Report"), recommending that Plaintiff be granted judgment on the pleadings and the case be remanded for further proceedings under Section 405(g) of the Social Security Act.  *See* ECF No. 22.  The Report warned that failure to timely object would result in waiver of objections and preclude appellate review.  *See id.* at 21.  Neither party has filed any objections to the Report.

       A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989).  Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition."  Fed. R. Civ. P. 72(b)(2).  "In a case such as this one, where no

timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Hopson v. Comissioner of Soc. Sec.*, 579 F. Supp. 3d 501, 504 (S.D.N.Y. 2022) (internal citation omitted); *Roman v. Barnhart*, 477 F. Supp. 2d 587, 589 (S.D.N.Y. 2007) ("The district court adopts a Magistrate Judge's report and recommendation when no clear error appears on the face of the record."). A party's "failure to object timely to a report waives any further judicial review of the report" so long as the party received "'clear notice' of the consequences of their failure to object." *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Roman*, 477 F. Supp. 2d at 589.

Here, neither party has objected to the Report. The Court has therefore reviewed the Report for clear error. *See Hopson*, 579 F. Supp. 3d at 504; *Roman*, 477 F. Supp. 2d at 589. The Court finds that the Report's reasoning is sound, grounded in fact and law, and not clearly erroneous. Accordingly, the Court adopts the thorough and well-reasoned Report in its entirety – the Court grants judgment on the pleadings in favor of Plaintiff and remands this action pursuant to sentence four of Section 405(g) of the Social Security Act, consistent with the Report. *See* ECF 22 at 20; *see, e.g.*, *Yulfo v. Colvin*, No. 17-cv-00448, 2018 WL 2186412, at *1 (S.D.N.Y. May 11, 2018) (adopting report and recommendation entered without objections and remanding social security action for further proceedings); *Mazza v. Comm'r of Soc. Sec.*, No. 20-cv-10062 (VSB), 2022 WL 1451638, at *1 (S.D.N.Y. May 9, 2022) (same).

The lack of any timely objections, in light of the clear notice provided in the Report, precludes appellate review of this decision. *See Frank*, 968 F.2d at 300; *Roman*, 477 F. Supp. 2d at 589; *Yulfo*, 2018 WL 2186412, at *1.

The Clerk of Court is respectfully directed to enter judgment remanding this case to the Commissioner of Social Security, and to CLOSE this case.

Dated: January 17, 2023
      New York, New York

                                               SO ORDERED.

                                               *Jennifer Rochon*
                                               JENNIFER L. ROCHON
                                               United States District Judge